**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| NORMAN SYLVESTER, | : | **Hon. Susan D. Wigenton** |
| | : | |
| Plaintiff, | : | Civil No. 12-0485 (SDW) |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY MEDICAL DENTISTRY | : | **OPINION** |
| OF NEW JERSEY HEALTH CARE, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES**:

> NORMAN SYLVESTER, #200808C, Plaintiff Pro Se
> South Woods State Prison
> 215 So. Burlington Road
> Bridgeton, New Jersey  08302

**WIGENTON**, District Judge:

Norman Sylvester, a prisoner who is confined at South Woods State Prison, submitted to the Clerk a pro se Complaint and application to proceed in forma pauperis.  This Court will grant Plaintiff's application to proceed in forma pauperis and direct the Clerk to file the Complaint. This Court will dismiss the Complaint, decline to exercise supplemental jurisdiction, and deny the application for appointment of pro bono counsel as moot.

**I.  BACKGROUND**

Plaintiff brings this Complaint against University Medical Dentistry of New Jersey (D.O.C.) Health Care, Steven Toder (radiologist), Dr. Sharmalie Perera, Grace Amistico (nurse

practitioner), and Dr. Francis Meo, for violation of his constitutional rights under 42 U.S.C. §

1983.  Plaintiff asserts the following facts in his statement of claims:

> On September 2, 2010, I was x-rayed, for a broken finger, at Northern State Prison by Stephen Toder, at that time it was stated that my finger was not broken (bones nor tissue) nor was there any sign of a dislocation.  "That all seemed normal."  A.N.P. Grace Amistico, dispensed medication which was not correct.  I expressed by concern that my finger was broken by remedy form within the prison with no help nor any correctional action made.  My finger is now deformed and I am not able to neither use nor bend my finger.  The medical department upon my complaint has not tried to correct this problem.  It has also [to] be noted that my finger was indeed broken and is as of right now not fixable without corrective surgery.

(Dkt. 1 at 7.)

Plaintiff asks this Court to appoint pro bono counsel and grant other relief.

## II.  STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat.

1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil

action in which a plaintiff is proceeding in forma pauperis or a prisoner is seeking redress against

a government employee or entity, and to sua sponte dismiss any claim if the Court determines

that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§

1915(e)(2)(B), 1915A.

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009), hammered the "final

nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41,

45-46 (1957),[1] which was previously applied to determine if a federal complaint stated a claim.

---

[1]  The Conley court held that a district court was permitted to dismiss a complaint for

(continued...)

2

See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  To survive dismissal under Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " Iqbal, 556 U.S. at 678 (citation omitted).  Officials may not be held liable under § 1983 for the unconstitutional misconduct of their subordinates.  Id. at 677.  Rather, the facts set forth in the complaint must show that each defendant, through the person's own individual actions, has violated the plaintiff's constitutional rights.  Id.  This Court must disregard labels, conclusions, legal arguments, and naked assertions.  Id. at 678-81.  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed.  Id. at 678 (citations and internal quotation marks omitted); see also Santiago v. Warminster Township, 629 F. 3d 121, 130 (3d Cir. 2010); Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) ("a complaint must do *more than allege the plaintiff's entitlement to relief*.  A complaint has to "show" such an entitlement with its facts") (emphasis supplied).  The Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

_____

[1](...continued)
failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

3

## III.  DISCUSSION

A.  Eighth Amendment

A court's initial task is to "tak[e] note of the elements [plaintiff] must plead" in order to state a claim of liability under 42 U.S.C. § 1983.  See Iqbal, 129 S Ct. at 1947-48.  Section 1983 of Title 28 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . . subjects,
> or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition against cruel and unusual punishment obligates prison authorities to provide medical care to inmates.  See Estelle v. Gamble, 429 U.S. 97, 103 (1976); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  To state a cognizable medical claim, inmates must "demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious."  Rouse, 182 F.3d at 197.  A medical need is serious where it "has been diagnosed by a physician as requiring treatment or is . . . so obvious that a lay person would

easily recognize the necessity for a doctor's attention." <u>Monmouth County Correctional Institution Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987) (citations omitted).

"Because vicarious liability is inapplicable to <u>Bivens</u> and § 1983 suits, a plaintiff must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." <u>Iqbal</u>, 129 S. Ct. at 1948.[2]  Deliberate indifference includes "indifference ... manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." <u>Erickson v. Pardus</u>, 551 U.S. 89, 90 (2007) (quoting <u>Estelle</u>, 429 U.S. at 105) (footnotes and internal quotation marks omitted).  To establish deliberate indifference, a plaintiff must show that the defendant was subjectively aware of the unmet serious medical need and failed to reasonably respond to that need.  <u>See</u> <u>Farmer</u>, 511 U.S. at 837; <u>Natale</u>, 318 F.3d at 582.  "The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." <u>Beers-Capitol v. Whetzel</u>, 256 F.3d 120, 133 (3d Cir. 2001).  Deliberate indifference may be found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." <u>Rouse</u>, 182 F.3d at 197.

Here, Plaintiff complains that he broke his right thumb, but defendant Stephen Toder mistakenly determined that the x-ray of Plaintiff's thumb taken on September 2, 2010, did not

---

[2] <u>Accord</u> <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior").

show a fracture or dislocation.  Plaintiff further asserts that Drs. Perera and Meo violated his Eighth Amendment rights by failing to provide effective treatment for his broken thumb and causing pain and suffering as a result of their negligence and malpractice.  He asserts that Grace Amistico violated his rights by failing to see that his thumb was visibly broken.

Plaintiff fails to state facts showing that any defendant was deliberately indifferent to his serious medical needs.  For example, he does not allege facts showing that defendants deliberately refused to evaluate whether his thumb was broken or otherwise injured, knowingly prevented him from receiving medically necessary treatment for a fracture, or knowingly denied medically necessary treatment for a non-medical reason.  Plaintiff asserts that defendants were negligent and/or committed malpractice, but "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106.  Because Plaintiff's allegations regarding the misdiagnosis of his broken thumb show negligence at worst, and negligence does not rise to the level of deliberate indifference, these allegations to not state an Eighth Amendment claim under § 1983.  The § 1983 claim concerning the failure to properly diagnose a broken thumb will be dismissed with prejudice for failure to state a claim.

Plaintiff also asserts that his thumb is now deformed and he is unable to bend it and that, although he has complained, "[t]he medical department . . . has not tried to correct this problem [which is] not fixable without corrective surgery."  (Dkt. 1 at 7.)  Plaintiff alleges that the failure to provide surgery violates the Eighth Amendment, but the decision to perform surgery requires the exercise of medical judgment and "[m]ere disagreements between the prisoner and the

6

treating physician over medical treatment do not rise to the level of 'deliberate indifference.'" Quinn v. Dietman, 413 Fed. App'x 419, 422 (3d Cir. 2011) (citing Boring v. Kozakiewcz, 833 F.2d 468, 473 (3d Cir.1987)).  Plaintiff does not allege that any medical doctor has determined that surgery is medically necessary.[3]  Nor do his allegations show that a named defendant refused to provide medically necessary surgery for a non-medical reason.  Accordingly, Plaintiff's allegations regarding his belief that corrective surgery is medically necessary will be dismissed because his allegations do not show deliberate indifference to medically necessary surgery.

However, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).  This Court will not grant Plaintiff leave to amend his § 1983 claim concerning the misdiagnosis of his broken thumb because amendment would be futile, as misdiagnosis is negligence.  However, Plaintiff's allegations concerning the failure to correct and/or repair his deformed thumb do not foreclose the possibility that he may be able to assert facts showing that one or more prison officials was deliberately indifferent to a medically necessary need to correct or repair his deformed thumb.  The dismissal of this Eighth

---

[3] As the Supreme Court explained:

> [T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice . . .

Estelle, 429 U.S. at 107.

Amendment claim will be without prejudice to the filing of an amended complaint stating a

cognizable Eighth Amendment medical claim under § 1983.[4]

B.  Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along

with federal-law claims when they are so related to claims in the action within such original

jurisdiction that they form part of the same case or controversy."  Wisconsin Dept. of

Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).

Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims

and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court

has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over

which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware

County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In exercising its discretion,

"the district court should take into account generally accepted principles of 'judicial economy,

convenience, and fairness to the litigants.'"  Growth Horizons, Inc., 983 F.2d at 1284 (quoting

United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  Where the federal claims are

dismissed at an early stage in the litigation, courts generally decline to exercise supplemental

jurisdiction over state claims.  United Mine Workers v. Gibbs, 383 U.S. at 726; Growth

Horizons, Inc., 983 F.2d at 1284-1285.  In this case, since this Court is dismissing every claim

over which it had original subject matter jurisdiction, this Court declines at this juncture to

---

[4] If Plaintiff files an amended complaint, **it must be complete on its face**, and it must
identify each named defendant, without reference to the original Complaint.

exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

### IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis, dismisses the Complaint, declines to exercise supplemental jurisdiction over claims arising under state law, and denies Plaintiff's application for appointment of counsel.

The Court will enter an appropriate Order.


s/Susan D. Wignenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Dated: August 14, 2012

9